■ ALLSTATE POWER-VAC, INC., Appellant, v FCE INDUSTRIES, LTD., Doing Business as GMD SHIPYARD, Respondent. [722 NYS2d 401] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated March 31, 2000, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the counterclaim is severed.

The appellant, a company which removes and disposes of waste materials, rendered such services to the respondent, the operator of a ship repair facility at the Brooklyn Navy Yard, which is owned by the Brooklyn Navy Yard Development Corporation (hereinafter the BNYDC). The respondent employed the appellant during an improvement project to which the BNYDC had agreed to contribute funds.

On its motion for summary judgment, the appellant offered sufficient evidence to sustain its burden of proving, prima facie, its entitlement to judgment as a matter of law regarding the respondent's breach of the contract, unjust enrichment, and as an account stated (*see, Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421; *Epstein v Turecamo,* 258 AD2d 502). According to the undisputed evidence presented by the appellant, the respondent received, and retained without objection, the appellant's invoices for services rendered, thereafter obtaining funds from the BNYDC for the payment of those invoices. Furthermore, the respondent admitted that it paid the appellant a portion, but not all, of the funds collected from the BNYDC. Finally, the respondent failed to offer evidence in opposition to the motion sufficient to raise a triable issue of fact (*see,* CPLR 3212; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Therefore, the Supreme Court erred in denying the appellant's motion. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.